# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

| | |
|---|---|
| CLARENCE J. JACKSON,<br>　　　　　　Appellant, | DOCKET NUMBER<br>DC-752S-21-0065-I-1 |
| v. | |
| DEPARTMENT OF DEFENSE,<br>　　　　　　Agency. | DATE: August 23, 2024 |

# THIS ORDER IS NONPRECEDENTIAL[1]

Clarence J. Jackson, Rockville, Maryland, pro se.

Randy W. Stone, Falls Church, Virginia, for the agency.

## BEFORE

Cathy A. Harris, Chairman
Raymond A. Limon, Vice Chairman
Henry J. Kerner, Member*

*Member Kerner did not participate in the adjudication of this appeal.

## REMAND ORDER

The appellant has filed a petition for review of the initial decision, which dismissed his challenge to a 14-day suspension for lack of jurisdiction. For the reasons discussed below, we GRANT the appellant's petition for review,

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

VACATE the initial decision, and REMAND the case to the regional office for further adjudication in accordance with this Remand Order.

## DISCUSSION OF ARGUMENTS ON REVIEW

In January 2020, the agency suspended the appellant from his Facilities Manager position for 14 days, based on charges of failure to follow instructions and lack of candor. Initial Appeal File (IAF), Tab 1 at 8, 13-14. In November 2020, the appellant filed the instant appeal, alleging that his 14-day suspension was the product of whistleblower retaliation. *Id*. at 4, 6. On his initial appeal form, the appellant indicated that he had not yet filed a whistleblower complaint with the Office of Special Counsel (OSC). *Id*. at 5.

The administrative judge issued orders explaining the Board's jurisdictional limitations, including some limitations involving individual right of action (IRA) appeals, and instructing the appellant to meet his jurisdictional burden. IAF, Tab 2 at 2-4, Tab 3 at 1-3. Over the following weeks, the appellant twice requested additional time to respond, which the administrative judge granted. IAF, Tabs 6-9. Within one of those requests, he attached a September 2020 closeout letter from OSC, showing that he had filed a whistleblower complaint regarding his 14-day suspension, despite the earlier indication to the contrary. IAF, Tab 6 at 6. The appellant did not, however, submit any other argument or evidence regarding his jurisdictional burden.

The administrative judge dismissed the appellant's appeal, finding that he failed to meet his burden of proving that the Board had jurisdiction over this appeal. IAF, Tab 11, Initial Decision (ID). The appellant has filed a petition for review, arguing that medical conditions interfered with his ability to obtain representation and meet his jurisdictional burden. Petition for Review (PFR) File, Tab 1.

The appellant's 14-day suspension is not appealable under chapter 75.

The Board's jurisdiction is not plenary; it is limited to those matters over which it has been given jurisdiction by law, rule, or regulation. *Maddox v. Merit Systems Protection Board*, 759 F.2d 9, 10 (Fed. Cir. 1985). An appellant must prove jurisdiction by preponderant evidence. 5 C.F.R. § 1201.56(b)(2)(i)(A). Suspensions of more than 14 days are within the Board's jurisdiction under 5 U.S.C. §§ 7512(2) and 7513(d), however, a suspension of 14 days or fewer is not an appealable action under those provisions. *Lefavor v. Department of the Navy*, 115 M.S.P.R. 120, ¶ 5 (2010).

Here, evidence the appellant submitted shows that his suspension was 14 days. IAF, Tab 1 at 8, 10, 13. Therefore, we agree with the administrative judge's determination that the appellant failed to prove that his suspension is appealable under chapter 75. ID at 2-3.

The appellant must be given an opportunity to establish jurisdiction over his suspension in an IRA appeal.

Unlike chapter 75 appeals, IRA appeals are not limited to suspensions of a certain duration. To establish the Board's jurisdiction over an IRA appeal, an appellant must have exhausted his administrative remedies before OSC and make nonfrivolous allegations of the following: (1) he made a protected disclosure described under 5 U.S.C. § 2302(b)(8) or engaged in protected activity as specified in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D); and (2) the disclosure or protected activity was a contributing factor in the agency's decision to take or fail to take a personnel action as defined by 5 U.S.C. § 2302(a)(2)(A). 5 U.S.C. §§ 1214(a)(3), 1221; *Salerno v. Department of the Interior*, 123 M.S.P.R. 230, ¶ 5 (2016); *see Yunus v. Department of Veterans Affairs*, 242 F.3d 1367, 1371 (Fed. Cir. 2001). For the reasons that follow, we find that this appeal must be remanded to give the appellant an opportunity to meet that burden.

In her orders on jurisdiction, the administrative judge acknowledged that an appellant may be able to establish jurisdiction in an IRA appeal involving a

14-day suspension, but neither provided the full jurisdictional burden of proof. The first order generally described how the relevant whistleblower statutes prohibit retaliation for protected disclosures and certain other protected activities. IAF, Tab 2 at 3 (citing 5 U.S.C. § 2302(b)(8), (9)). The second order explained that, if the appellant intended to bring an IRA appeal, additional information was needed. IAF, Tab 3 at 1-2. In particular, the administrative judge noted that the appellant's initial pleading indicated that he had not filed a complaint with OSC, but exhaustion of administrative remedies with OSC is a prerequisite to bringing an IRA appeal before the Board. *Id*. at 2-3 (referencing IAF, Tab 1 at 5). The administrative judge indicated that, if the appellant had filed a complaint with OSC, he should submit a copy of the complaint and OSC's closeout letter. *Id*. at 3 n.4.

As mentioned above, the appellant did submit his OSC closeout letter in one of his requests for a time extension. IAF, Tab 6 at 6-7. According to that closeout letter, OSC had considered several alleged disclosures, along with allegations that the agency retaliated by giving the appellant a low performance rating and suspending him for 14 days. *Id*. at 6.

It is evident that, although the administrative judge considered and approved the appellant's request for a time extension, she overlooked the attached OSC closeout letter. The administrative judge dismissed this appeal without providing the appellant with his complete jurisdictional burden for an IRA appeal or otherwise addressing his evidence of exhaustion with OSC. ID at 2-3. Because the appellant provided proof of OSC exhaustion regarding a claim that his 14-day suspension was retaliation for whistleblowing, but he was not informed of his other jurisdictional requirements, remand is appropriate. *See Burgess v. Merit Systems Protection Board*, 758 F.2d 641, 643-44 (Fed. Cir. 1985) (finding that an appellant must receive explicit information on what is required to establish an appealable jurisdictional issue). We, therefore, need not

address the appellant's arguments about his medical conditions interfering with his ability to establish jurisdiction below.

## ORDER

For the reasons discussed above, we REMAND this case to the regional office for further adjudication in accordance with this Remand Order.

FOR THE BOARD:   _____
Gina K. Grippando
Clerk of the Board

Washington, D.C.